IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TROY O. SMITH, | ) |
| Debtor/Appellant, | ) ) ) |
| v. | ) Civ. No. 15-314-SLR |
| | ) Bank. No. 14-12043-BLS |
| MICHAEL B. JOSEPH, | ) ) |
| Chapter 13 Trustee/Appellee. | ) |

**MEMORANDUM**

At Wilmington this 21st day of April, 2015, having reviewed a motion requesting an emergency stay pending the direct appeal filed by Troy O. Smith, the debtor/appellant (hereinafter, "the debtor"); and having reviewed the docket record of the above-referenced bankruptcy proceedings;

IT IS ORDERED that said motion (D.I. 5) is denied, for the reasons that follow:

1. **Standard.** A party moving for a stay pending appeal has the burden of showing the following four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir.1991) (citing *Hilton v. Braunskill*, 481 U.S. 770 (1987); *see also In re Freedom Communications Holdings, Inc.*, Civ. No. 09–825, 2009 WL 4506553 (D. Del. Dec. 4,

2009) at *1; *In re Genesis Health Ventures, Inc.*, 367 B.R. 516, 520 (Bankr.D. Del. 2007). No single factor should be considered in isolation; rather, the court must balance and weigh all relevant factors. *See In re Calabria*, 407 B.R. 671, 678 (Bankr. W.D. Pa.2009) ("[F]ailure to satisfy any one of the four factors . . . might not necessarily be fatal to a motion for stay pending appeal. Rather, to determine whether a stay pending appeal is warranted, the court is to balance each of the factors at issue and examine individualized considerations relevant to the case.").

2. **Record.** According to the docket, debtor filed a Chapter 13 voluntary petition for bankruptcy on September 1, 2014. (Bank. No. 14-12043, D.I. 1)[1] At the meeting of creditors, the confirmation hearing was scheduled to be conducted on October 27, 2014 at 2:00 p.m. (D.I. 7) On September 8, 2014, the Chapter 13 Trustee filed a motion to dismiss for abuse. (D.I. 11) Debtor filed an objection to the motion, and a letter requesting a continuance of the October 28, 2014 hearing. (D.I. 12, 13) Although the court convened a hearing on October 28, the hearing was continued to November 25, 2014. (D.I. 17) Debtor initiated an adversary case against Santander Consumer USA on November 1, 2014. (D.I. 21) Debtor did not appear at the November 25, 2014 hearing. (D.I. 22) An order dismissing the Chapter 13 case issued on November 26, 2014. (D.I. 24)

3. Debtor filed a motion to vacate the dismissal on December 22, 2014. (D.I. 26) A hearing on debtor's motion was scheduled for January 27, 2015. (D.I. 27) Debtor filed a motion for a continuance on January 21, 2015 (D.I. 30), which motion

---

[1]Unless otherwise indicated, docket item references are to the above-referenced bankruptcy case.

was granted. The hearing was ultimately rescheduled for March 24, 2015. (D.I. 35) The debtor failed to appear. The motion to vacate dismissal was denied, with the bankruptcy judge noting: "Troy Smith failed to appear after many requests for continuance on his motions to vacate." (D.I. 37) Debtor filed an appeal on March 31, 2015 (D.I. 40),[2] and the instant emergency motion was filed in this court today. (Civ. No. 15-313, D.I. 5)

4. **Analysis**. Debtor bases his motion on a lack of notice. The record reflects otherwise. The debtor has been a very active participant in the above bankruptcy proceedings, except at the hearings which were rescheduled consistent with his requests. Debtor cannot avoid a decision on the merits of the motions at issue by failing to appear at the scheduled hearings.

5. **Conclusion.** Debtor has failed to make a strong showing that he is likely to succeed on the merits, or that the public interest lies in granting him yet another opportunity to be heard. An order shall issue.

United States District Judge

---

[2]The appeal was opened in this court on April 16, 2015. (Civ. No. 15-313, D.I. 2)